UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DRUTHER ROBINSON, JR.,

                Petitioner,

-vs-                                         Case No.  8:04-cv-2130-T-24TGW

JAMES V. CROSBY, JR.,

                Respondent.

_____

## ORDER

      Before this Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 filed by Petitioner Druther Robinson, a Florida prisoner. Robinson challenges his conviction and sentences entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida, in state circuit case number 93-09122.

PROCEDURAL HISTORY

      On August 5, 1993, an information was filed charging Robinson with one count of attempted murder in the first degree and one count of attempted robbery. The victim was Donald Hallback. On December 13, 1993, a supercedes information was filed charging Robinson with one count of aggravated battery with a firearm and one count of attempted robbery with a firearm on Donald Hallback. (R 8-10; R 15-17)[1]

---

[1] Respondent filed the record on appeal as Exhibit 20.  Citations to the record will be designated by the letter "R" followed by the page number, unless an R number is not affixed at the bottom of the page.  In all Exhibits in which the only page number appears in the upper right hand corner of the page, the citation will be "T" followed by the page number.

A jury trial commenced on December 13, 1993, before the Honorable Daniel Perry, Circuit Judge. Robinson was represented by court-appointed counsel, Jack Marc Perez, Esq. and Samantha Ward, Esq. The jury found Robinson guilty of both counts. On February 16, 1994, the state trial court sentenced Robinson as an habitual felony offender to thirty years incarceration on count one and thirty years incarceration on count two. The sentences ran concurrently. (R 51-55).

On May 27, 1998, Robinson's appellate attorney, Assistant Public Defender Kevin Briggs, filed an Anders[2] brief stating that he could find no meritorious argument to support the contention that the state trial court committed significant reversible error in this case. (Respondent's Exhibit 1). On November 20, 1998, in Case No. 97-02960, the state district court of appeal per curiam affirmed the conviction and sentence. Robinson v. State, 727 So. 2d 927 (Fla. 2d DCA 1998) [Table].

On May 7, 1999, Robinson filed a Rule 3.850 Motion for Postconviction Relief. (Exhibit 4). On January 6, 2000, the state trial court denied the Rule 3.850 motion in part and directed the State to show cause why grounds II, III, IV-A-1, IV-A-2, IV-C, and IV-F should not be granted. (Exhibit 5). The order read, in pertinent part:

> In ground I of his Motion, Defendant claims he was denied a fundamentally fair trial and due process of law when the prosecution deliberately failed to disclose evidence materially favorable to his defense, ans exculpatory in nature. Specifically, Defendant claims that the prosecutor failed to disclose statements made by State's witness, Grady Kitchen that were both exculpatory in character and materially favorable as impeachment evidence. To establish a Brady violation, Defendant must prove the following:

_____

[2]Anders v. California, 386 U.S. 738 (1967).

-2-

(1) that the State possessed evidence favorable to him;

(2) that the evidence was suppressed;

(3) that he did not possess the favorable evidence nor could he obtain it with any reasonable diligence; and

(4) that had the evidence been disclosed to Defendant, a reasonable probability exists that the outcome of the proceedings would have been different. Haqwood v. State, 575 So. 2d 170, 172 (Fla. 1991).

However, Grady Kitchen was listed as a defense witness on Defendant's List of Defense witnesses, filed on August 17, 1993. (See List of Defense Witness, attached) Moreover, Grady Kitchen was listed on the State's notice of Discovery, filed on September 21, 1993. (See Notice of Discovery, attached). Therefore, defense counsel could have deposed Grady Kitchen, thereby obtaining any information that he may have had. As such, Defendant has failed to prove that he could not have obtained the information with reasonable diligence, and no relief is warranted upon this ground.

In ground II of his motion Defendant claims that his waiver of his right to conflict free counsel was not an informed, and intelligent decision and therefore, invalid because the Court did not ensure that he fully understood the conflict of interest, that the conflict could affect the defense, and that Defendant knew of the right to obtain other counsel. "For waiver to be valid, the record must show that the defendant was aware of the conflict of interest, that the defendant realized the conflict could affect the defense, and that the defendant knew of the right to obtain other counsel. ." Larzelere v. State, 676 So. 2d 394, 403 (Fla. 1996), (citing United States v. Rodriquez, 982 F. 2d 474, 477 (11th Cir.), cert. denied, 10 U.S. 901, 114 S.Ct. 275, 126 L.Ed. 2d 226 (1993)).

The record reflects that Defendant was aware of the conflict of interest. (See Trial Transcript, Volume 2 of 3, pages 17-21 attached) . The Court is unable to conclusively refute Defendant's allegation that he did not know of his right to obtain other counsel. As such, the Office of the State Attorney is ordered to respond to ground II of Defendant's Motion within thirty (30) days from the date of this order.

An evidentiary hearing was held on August 9, 2000 and September 28, 2000, before the Honorable Jack Espinosa, Jr., Circuit Judge. (Respondent's Exhibit 6 and

Petitioner's Exhibit attached to the federal petition for writ of habeas corpus).  Robinson

was represented by court-appointed counsel, Rick Terrana, Esq. The state trial court heard

the testimony of Petitioner Druther Robinson, Jr. and Druther Robinson,  Sr. as well as that

of Jack Perez, Robinson's trial counsel.

On January 5, 2001, the state trial court denied the Rule 3.850 motion in its entirety.

(Exhibit 7)  The order sets out the following relevant findings of fact and conclusions of law:

> In ground II of his Motion, Defendant claims that his waiver of his right to conflict free counsel was not an informed and intelligent decision and therefore, invalid because the Court did not ensure that he fully understood the conflict of interest, that the conflict could affect the defense, and that Defendant knew of the right to obtain other counsel.

> The alleged conflict of interest resulted from Defendant's counsel, Mr. Perez's previous representation of Randy Ketch, a State witness in Defendant's case. (See December 15, 1993 Transcript, pages 17-18, August 9, 2000 Transcript pages 18-19, attached). Mr. Perez was appointed to represent Mr. Ketch at Mr. Ketch's arraignment, whereupon, Mr. Ketch entered a plea to the charges at that same arraignment, and Mr. Perez's representation of Mr. Ketch ceased. (See December 15, 1993 Transcript, pages 17-18, August 9, 2000 Transcript, pages 18-19, attached).

> Mr. Perez testified that his representation of Mr. Ketch was unrelated and did not have anything to do factually or any other way with Mr. Perez's representation of Defendant. (See August 9, 2000 Transcript, page 19, attached). Since Mr. Perez's representation of Mr. Ketch was unrelated, limited to arraignment, and in no way connected to Mr. Perez's representation to Defendant, the Court finds no conflict existed. As such, no relief is warranted upon ground II.

(Respondent's Exhibit 7, Order Denying Defendant's Motion for Post Conviction Relief at

p. 3)

Robinson appealed the denial of Rule 3.850 relief.  Assistant Public  Defender Allyn

M. Giambalvo was appointed to represent Robinson in the postconviction appeal.  On or

about October 29,  2001,  Attorney Giambalvo filed an Anders brief stating that she could

find no meritorious argument to support the contention that the state trial court committed significant reversible error in denying the Rule 3.850 motion. (Exhibit 8).  On March 14, 2002, Robinson filed his pro se initial brief. (Exhibit 9). On April 24, 2002, the State filed its answer brief. (Exhibit 10). On March 14, 2003, in Case No. 2D01-633, the state district court of appeal per curiam affirmed the state trial court's denial of postconviction relief. (Exhibit 11). Robinson v. State, 845 So. 2d 199 (Fla. 2d DCA 2003) [Table].

On March 27, 2003, Robinson filed a Motion for Rehearing and Request for Written Opinion. (Exhibit 12). On April 21, 2003, the state district court of appeal denied Robinson's motion and Request. (Exhibit 13). The mandate issued on or about May 13, 2003.

On October 14, 2003, Robinson filed a Rule 3.800 Motion to Correct Illegal Sentence and memorandum in support of the motion. (Exhibit 14) . Robinson argued that the state trial court erred in utilizing the deadly weapon enhancement in section 775.087.087(1)(b), Florida Statutes (1993), because the use of a weapon was an essential element of the offense. On December 15, 2003, the state trial court denied Robinson's Rule 3.800 Motion to Correct Illegal Sentence.  (Exhibit 15).  Robinson appealed the adverse ruling. On January 14, 2004, Robinson filed his pro se initial brief. (Exhibit 16).

On May 12, 2004, in Case No. 2D04-372, the state district court of appeal per curiam affirmed the state trial court's denial of Robinson's Motion to Correct Illegal Sentence. (Exhibit 17). On May 26, 2004, Robinson filed a Motion for Rehearing and Rehearing En Banc. (Exhibit 18). On July 30, 2004, the second district court of appeal denied Robinson's Motion. (Exhibit 19).

Robinson then timely filed the present federal petition for writ of habeas corpus raising two grounds for relief: (1) failure of the prosecution to disclose evidence materially favorable to his defense, and exculpatory in nature; (2) Robinson's waiver of the right to conflict free counsel was not an informed and intelligent decision and was, therefore, invalid. Robinson raised these two claims in his Rule 3.850 motion for postconviction relief. As set out in the procedural history above, the state trial court denied relief on ground one without a hearing, and denied relief on ground two after an evidentiary hearing.

## STANDARDS OF REVIEW

Because Robinson filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003); Maharaj v. Sec'y of Dept. of Corrections, 304 F.3d 1345, 1346 (11th Cir. 2002). The AEDPA "establishes a more deferential standard of review of state habeas judgments," Fugate v. Head, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002); see, Bell v. Cone, 2005 WL 123827 (U.S. Jan. 24, 2005) (habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given benefit of the doubt)[citing 28 U.S.C.A. § 2254(d)]). AEDPA is relevant to a review of this Petition.

Pursuant to AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Price v. Vincent, 123 S.Ct. 1848, 1852-53 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003); Harrell v. Butterworth, 251 F.3d 926, 930 (11th Cir. 2001).  "Clearly established Federal law" is the governing legal principle, not the dicta, set forth by the United States Supreme Court at the time the state court issues its decision. Lockyer v. Andrade, 538 U.S.63, 71-72 (2003).  Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that  the state court's conclusion is contrary to clearly established governing federal law.  Mitchell v. Esparza, 124 S.Ct. 7, 10 (2003); Clark v. Crosby, 335 F.3d at 1308-10; Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir. 2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent.  Mitchell v. Esparza, 124 S.Ct. at 10 (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).  See also Price v. Vincent, 123 S.Ct. at 1853; Lockyer v. Andrade, 538 U.S. at 75-77.  A state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court

precedent.  <u>Early v. Parker</u>, 537 U.S. 3, 8 (2002); <u>Mitchell v. Esparza</u>, 124 S.Ct. at 10; <u>Parker v. Secy of Dept. of Corrections</u>, 331 F.3d 764, 775-76 (11th Cir. 2003).

A state court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular inmate's case; or if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply; or unreasonably refuses to extend that principle to a new context where it should apply.  <u>Bottoson v. Moore</u>, 234 F.3d 526, 531 (11th Cir. 2000).  The "unreasonable application" inquiry requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable.  <u>Lockyer v. Andrade</u>, 538 U.S. at 75-77; <u>Williams</u>, 529 U.S. at 409-10; <u>Penry v. Johnson</u>, 532 U.S. at 791-792; <u>Woodford v. Visciotti</u> 537 U.S. 19, 25 (2002); <u>Mitchell v. Esparza</u>, 124 S.Ct. at 11-12; <u>Price v. Vincent</u>, 123 S.Ct. at 1853.

Whether a state court's decision was unreasonable must be assessed in light of the record the court had before it. See <u>Holland v. Jackson</u>, 124 S.Ct. 2736, 2737-2738 (2004) (citing <u>Yarborough v. Gentry</u>, 540 U.S. 1 (2003)) (per curiam) (denying relief where state court's application of federal law was supported by the record); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 348 (2003) (reasonableness of state court's factual finding assessed "in light of the record before the court"); <u>cf. Bell v. Cone</u>, 535 U.S. at 697, n. 4  (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

A factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); Henderson, 353 F.3d at 890-91.  The statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact.  Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001).

A petitioner who "failed to develop" the factual basis for a claim while in state court as a result of the petitioner's lack of diligence is barred from doing so in federal court (subject to the very narrow exceptions set out in § 2254(e)(2)). Williams v. Taylor, 529 U.S. at 433-34.

Generally, claims alleging a violation of state law are not subject to review in federal habeas proceedings. Pulley v. Harris, 465 U.S. 37, 41 (1984); McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir.1992). To the extent that a federal question is raised in the federal habeas petition, the federal question was not exhausted in state court if the issue were raised only as a state law claim in state court. Anderson v. Harless, 459 U.S. 4, 6-8 (1982).

Finally, in the event constitutional error is found in a habeas proceeding, the relevant harmless error standard is set forth in Brecht v. Abrahamson, 507 U.S. 619 (1993). The test is "less onerous" then the harmless error standard enunciated in Chapman v. California, 386 U.S. 18 (1967). "The test is whether the error had substantial and injurious effect or influence in determining the jury's verdict. Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" Brecht,

507 U.S. at 637. Although no constitutional error has occurred in Robinson's case, any possible error would clearly be harmless beyond any reasonable doubt based on the facts and the record herein.

DISCUSSION

A review of the record demonstrates that, for the reasons below, Robinson's petition for writ of habeas corpus must be **DENIED**.

Ground One

Robinson alleges that he was denied a fair trial and due process of law when the prosecution deliberately failed to disclose evidence materially favorable to his defense and exculpatory in nature. Robinson claims that the prosecution failed to disclose statements made by State's witness Grady Kitchen. The statements were allegedly both exculpatory and material for impeachment.

Robinson fails to meet his burden under the AEDPA standard because the state courts' decisions were neither contrary to, nor an unreasonable application of Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Brady held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady, 373 U.S. at 87. To establish a Brady violation, a defendant must prove: 1) that the [G]overnment possessed evidence favorable to the defense; 2) that the defendant did not possess the evidence and could not obtain it with any reasonable diligence; 3) that the prosecution suppressed the evidence; and, 4) that a reasonable probability exists that the outcome of the proceeding would have been

different had the evidence been disclosed to the defense." See Strickler v. Greene, 527 U.S. 263, 280-281 (1999) (citations omitted); Spivey v. Head, 207 F.3d 1263, 1283 (11th Cir.) (citations omitted), cert. denied, 531 U.S. 1053 (2000).

A prosecutor does not violate Brady unless the "nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict." Strickler v. Greene, 527 U.S. at 281-82. "[W]hen information is fully available to a defendant at the time of his trial and his only reason for not obtaining and presenting the evidence to the court is his lack of reasonable diligence, the defendant has no Brady claim." United States v. Runyan, 290 F.3d 223, 246 (2002)(quoting United States v. Marrero, 904 F.2d 251, 261 (5th Cir.1990) (internal quotations omitted)). See also, Halliwell v. Strickland, 747 F.2d 607, 609 (11th Cir. 1984) (no Brady violation where undiscovered evidence was reasonably available to defense), cert. denied, 472 U.S. 1011 (1985). Moreover, the Supreme Court has held that "the Constitution is not violated every time the government fails or chooses not to disclose evidence that might prove helpful to the defense." Moon v. Head, 285 F.3d 1301, 1314 (11th Cir. 2002) (citing Kyles v. Whitley, 514 U.S. 419, 436-37 (1995).

For Robinson to succeed on his Brady claim, he must demonstrate a "reasonable probability" that, had favorable evidence been disclosed to his counsel, the result of the proceeding would have been different." United States v. Bagley, 473 U. S. 667, 681 (1985). The issue is not whether Robinson would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial--one resulting in a verdict worthy of confidence. Moon, supra at 1310 (citing Kyles, 514 U.S.

at 434).  There was no <u>Brady</u> violation with respect to Defense witness  Kitchen.  Robinson

fails to satisfy prong two and three for a <u>Brady</u> violation.  Grady Kitchen was listed as a

defense witness on Robinson's List of Defense witnesses, filed on August 17, 1993.  Grady

Kitchen was also listed on the State's Notice of Discovery  filed on September 21, 1993.

Robinson fails to show that the State  failed to disclose this witness.  Robinson could have

deposed the witness and with reasonable due diligence obtained information from  Kitchen.

In Robinson's case,  there was no suppression of evidence;  Robinson was aware

of Kitchen as a witness; Kitchen was available during trial.  <u>See</u> <u>United States v. Bencs</u>, 28

F.3d 555, 560 (6th Cir.  1994)  ("<u>Brady</u> generally does not apply to delayed disclosure of

exculpatory information, but only to complete failure to disclose.") (citations omitted),

<u>cert.</u>  <u>denied</u>, 513 U.S. 1117 (1995);  <u>see</u> <u>also</u>, <u>United States v. Scarborough</u>, 128 F.3d

1373, 1376 (10th  Cir. 1997) (as long as ultimate disclosure is made before it is too late for

defendant to make use of any benefits of the evidence, due process is satisfied).

Ground one does not warrant habeas corpus relief.

Ground Two

Robinson alleges that his waiver of the right  to conflict free counsel was not  an

informed and intelligent decision and therefore, invalid because the state trial court did not

ensure that he [Robinson] fully understood the conflict of interest issue.  The alleged

conflict of interest resulted from defense counsel Perez's previous representation of Randy

Ketch, who was <u>listed</u> as a witness for the State in Robinson's state criminal case.

A conflict must be "actual, not merely hypothetical or speculative" as a "mere

possibility of conflict of interest" is not  substantial enough to violate the Sixth Amendment.

Buenoano v. Singletary, 74 F.3d 1078, 1086 n.6 (11th Cir. 1996).   Without a factual

showing of inconsistent interests, the conflict is merely  possible or speculative, and is

"insufficient to impugn a criminal  conviction."  Cuyler v. Sullivan,  446 U.S. 335, 350

(1980);i see also, Smith v. White, 815 F.2d 1401, 1404-05 (11th Cir. 1987) ("We will not

find an actual conflict unless [a defendant] can point to specific instances in the record

to suggest an actual conflict.") (citations omitted).

The state trial court determined that no actual conflict existed based on testimony

at an evidentiary hearing August 9, 2000.  (See pp. 18 and 19 of Respondent's  Exhibit 6;

Respondent's Exhibit 7, p. 3 Order Denying Defendant's Motion for Postconviction Relief).

First, Randy Freeman Ketch did not testify at Robinson's trial.  Moreover,  Robinson failed

to identify specific evidence in the record to suggest that Robinson's interests were

impaired or compromised.  Attorney Perez's only previous representation of Ketch was at

an arraignment hearing. This previous representation was unrelated to Robinson's case.

Robinson did not present a sufficient basis upon which  to conclude a conflict of interest

actually affected the adequacy of Perez's representation in Robinson's criminal case.

Furthermore, the state trial court conducted a colloquy during which Robinson

waived the conflict of interest. (See Transcript of Trial Proceedings before the Honorable

Daniel Perry, December 15, 1993, Respondent's Exhibit 20, C-2, pp. T 19-21).  Robinson

cannot show that the colloquy was insufficient because the colloquy was adequate to make

Robinson aware of the conflict of interest; that the conflict could affect the defense; and that

he could obtain other counsel.

"For waiver to be valid, the record must show that the defendant was aware of the conflict of interest, that the defendant realized the conflict could affect the defense, and that the defendant knew of the right to obtain other counsel... " Larzelere v. State, 676 So. 2d 394, 403 (Fla. 1996)(citing United States v. Rodriquez, 982 F. 2d 474, 477 (11th Cir.), cert. denied, 510 U.S. 901 (1993)). Robinson has not shown, under the Larzelere standard, that his waiver of conflict was not an informed and intelligent decision.

Ground two does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Robinson's petition for writ of habeas corpus is denied, with prejudice. The Clerk is directed to enter judgment against Robinson and to close this case.

ORDERED at Tampa, Florida, on January 11, 2006.

SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Druther Robinson, Jr.

-14-